Donald E. Dietz v. Commissioner.
Dietz v. Commissioner
Docket No. 30611.
United States Tax Court
1952 Tax Ct. Memo LEXIS 325; 11 T.C.M. (CCH) 131; T.C.M. (RIA) 52037; February 13, 1952
Donald E. Dietz, pro se. Edward C. Adams, Esq., for the respondent. HARRON Memorandum Opinion HARRON, Judge: The respondent has determined a deficiency in income tax for 1947 in the amount of $121.79. The respondent has disallowed 20 per cent of automobile expense, or $194.70; 25 per cent of the expense deducted for meals and lodging while away from home, or $366; and $100 of deductions for gasoline and miscellaneous taxes, for which the petitioner deducted $142. During 1947, the petitioner resided in Minneapolis. He filed his return with the collector for Minnesota. *326 The following facts relate to the petitioner's business occupation during 1947: The petitioner had a sales agency contract with Fox Brothers, Inc., of St. Paul under which he was given a territory covering Minnesota, North and South Dakota, northern Iowa, and western Wisconsin, within which he was to develop retail sales of trucks and trailers. Fox Brothers agreed, originally, to pay the petitioner a flat salary of $3,600 per annum, exclusive of bonus, at the rate of $300, monthly, and $225 per month to cover all of his traveling expenses. Later, Fox Brothers modified the agreement, agreeing to pay the petitioner $525, monthly, for salary and traveling expenses, under which arrangement, as we understand petitioner's testimony, he was to receive $525, monthly, regardless of the amount of his monthly traveling expenses, and he was not obliged to submit a travel expense record. During 1947, Fox Brothers paid the petitioner at the rate of $525 per month; and he received the total amount of $6,062.50, which he reported in his return. The petitioner traveled almost constantly during 1947. He deducted in his return for his business traveling expenses, $973.50, automobile expenses; and *327 $1,464, hotel and meal expenses, or a total amount of $2,437.50. In addition, he deducted $90 gasoline taxes, and $52 miscellaneous taxes. The respondent has allowed deductions for traveling expenses while away from home and taxes, as follows: $778.80, automobile expenses; $1,098, hotel and meal expenses, - total $1,876.80; $30 for gasoline taxes; and $12 for miscellaneous taxes. In the absence of proof by the petitioner that his business traveling expenses actually amounted to $2,437.50, and that he paid taxes, which he is allowed to deduct, in the total amount of $142, we have no alternative but to sustain the Commissioner's determination. The petitioner testified that he had kept weekly expense records, that he had forwarded them to Fox Brothers; that he had severed business dealings with them; and that they had told him that his expense records had been destroyed. The petitioner has the burden, legally, of proving the facts about the actual amounts of all of the deductions he claims. With respect to taxes he claims he paid, he must prove, also, what taxes he paid so that we may determine whether the taxes are deductible, because not all tax payments are deductible from income *328 under the Internal Revenue Code. And he must prove, also, that he has not included taxes on gasoline in the deduction for business automobile expense (in the cost of gasoline), because, otherwise, all or part of the gasoline tax deduction might be included in business automobile expense, and, if so, the petitioner would receive a double deduction for gasoline taxes. A taxpayer may not deduct any of his personal, living, or family expenses; section 24(a), Internal Revenue Code. The petitioner has admitted that he used his automobile, at times, for his personal needs. A taxpayer is required to keep records, section 54(a) of the Code; and under the Commissioner's regulations, in order to receive business traveling expenses, he must attach to his return a statement showing the following (Regulations 111, section 29.23(a)-2. TRAVELING EXPENSES. - ): * * *
* * * (1) the nature of the business in which engaged; (2) the number of days away from home during the taxable year on account of business; (3) the total amount of expenses incident to meals and lodging while absent from home on business during the taxable year; and (4) the total amount of other expenses *329 incident to travel and claimed as a deduction. Claim for the deductions referred to herein must be substantiated, when required by the Commissioner, by evidence showing in detail the amount and nature of the expenses incurred. The petitioner did not attach such statement of facts to his return for 1947, and he did not present to this Court at the trial of this proceeding such statement. We recognize that the petitioner is at some disadvantage because his records of his business traveling expenses in 1947 have been destroyed, but he has not presented estimates or the details of his traveling expenses, as he recalls them, to this Court; and there is no substantiation of the total expenses for which he claims the deductions over and above the amounts of deductions which the respondent has allowed. Therefore, for failure of proof, the respondent's determinations are sustained. Decision will be entered for the respondent.